**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAWN M. CONNOLLY, | : | |
| | : | Civil Action No. 16-1574 (SDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ADMINISTRATOR CINDY | : | |
| SWEENY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WIGENTON**, District Judge:

Currently before the Court is the complaint of Plaintiff, Shawn Connolly.   (ECF No. 1).

Also before this Court is Plaintiff's application for the appointment of pro bono counsel.   (ECF

No. 2).   As this Court has granted Plaintiff *in forma pauperis* status, this Court is required to

screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.   Pursuant to these

statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a

claim for relief, or seek damages from a defendant who is immune.   For the reasons set forth

below, this Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim

for which relief may be granted and will deny Plaintiff's application for pro bono counsel without

prejudice.

## I.  BACKGROUND

Plaintiff, Shawn Connolly, is a convicted state prisoner currently incarcerated at Northern State Prison in Newark, New Jersey.  (ECF No. 1 at 3).  According to Plaintiff, on August 26, 2015, he was housed in the close supervision unit of the prison.  (*Id.* at 6).  On that date, he went to the unit's recreation area and began to exercise.  (*Id.*).  While in the exercise area he was approached by another inmate named Perez, apparently known to be a gang member by Plaintiff, who proceeded to attack and injure him with a homemade prison knife or shank.  (*Id.* at 6-7).  Plaintiff asserts that the prison guard Defendants (Defendants Morales, John Doe Yard Officer, Enso, and Velez) failed to strip search Perez as Plaintiff alleges is required by the state administrative code, and would have found the shank had they done so, and that this failure constitutes an actionable failure to protect Plaintiff from Perez's attack.  (*Id.*).

Following the attack, Plaintiff was charged with a disciplinary infraction for fighting.  (*Id.* at 7).  Plaintiff was given a court line phone hearing on August 31, 2015, overseen by Defendant Hearing Officer Russel.  (*Id.*).  As to his claims against Russel, Plaintiff pleads only the following:

> hearing officer defendant Russel did knowingly [and] willfully fail[] and refuse[] to ensure[] that Plaintiff . . . received a fair and impartial court line hearing per [N.J. Administrative Code] 10A prior to being found guilty by defendant of a disciplinary infraction for fighting, # 004.
>
> Defendant Russel, further knowingly and willfully refused to ensure Plaintiff . . . received the Right to Administratively Appeal Defendant's 9-10-15 court line decision, per [N.J. Administrative Code] 10A, upon finding Plaintiff guilty of an institutional infraction for fighting.  Defendant's actions . . . violated Plaintiff's Due Process [rights].

(*Id.* at 7-8, paragraph numbers omitted).  In addition to the guard Defendants and Defendant

Russel, Plaintiff also names as a Defendant Administrator Sweeny of Northern State Prison, presumably in a supervisory capacity, but fails to plead any facts regarding Sweeny other than to insist that she violated his rights by manifesting "callous reckless disregard."   (*Id.* at 4).

## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§1915(e)(2)(B) and 1915A because Plaintiff is a convicted state prisoner who has been granted *in forma pauperis* status and who raises claims against state employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege

---

[1]     "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F.

"sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."   *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B.   Analysis**

Plaintiff seeks to make claims against defendants for alleged violations of his Fourteenth and Eighth Amendment rights pursuant to 42 U.S.C. § 1983.   "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]").   "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff asserts two claims: a claim for failure to protect against the guard Defendants and

---

App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

Administrator Sweeny arising under the Eighth Amendment, and a claim that Defendant Russel

denied him Due Process under the Fourteenth Amendment during his court line hearings.

Turning first to Plaintiff's failure to protect claim, Plaintiff has failed to plead adequate

facts to state a claim for relief under the Eighth Amendment.   As the Third Circuit has

explained,

> [w]hile the Eighth Amendment requires prison officials "to protect
> prisoners from violence at the hands of other prisoners," not every
> prisoner-inflicted injury amounts to a constitutional violation.
> *Farmer v. Brennan*, 511 U.S. 825, 833–34[] (1994).   To state a
> failure-to-protect claim, a prisoner "must plead facts that show (1)
> he was incarcerated under conditions posing a substantial risk of
> serious harm, (2) the official was deliberately indifferent to that
> substantial risk to his health and safety, and (3) the official's
> deliberate indifference caused him harm."   *Bistrian v. Levi*, 696
> F.3d 352, 367 (3d Cir.2012) (citing *Farmer*, 511 U.S. at 834[]).
> An official acts with deliberate indifference when he or she knows
> of and disregards a substantial risk of serious harm to inmate
> health or safety. *Farmer*, 511 U.S. at 837[].   It does not matter
> "whether a prisoner faces an excessive risk of attack for reasons
> personal to him or because all prisoners in his situation face such a
> risk."   *Id.* at 843[].

*Parkell v. Markell*, 622 F. App'x 136, 139 (3d Cir. 2015).   Here, Plaintiff has failed to plead any

facts which would establish that he faced an "excessive risk of attack" from the man who

attacked him for any reason personal to him.   Although Plaintiff does plead that his attacker was

a gang member and a high security inmate, these facts alone are not sufficient to establish that

the attacker posed an excessive risk in general.   Thus, Plaintiff has pled no facts which would

establish that the guards had any reason to know that Plaintiff's attacker presented a substantial

risk of harm to Plaintiff or anyone else, and thus Plaintiff has failed to plead, rather than to

simply assert in conclusory fashion, any facts which would indicate any of the Guard or

Administrator Defendants acted with deliberate indifference.   Thus, Plaintiff fails to state a

claim for failure to protect at this time, and this claim must be dismissed as to all Defendants

without prejudice.   *Id.*

The only other claim presented by Plaintiff is his assertion that Defendant Russel denied

him procedural due process in his disciplinary hearings and in somehow not ensuring that

Plaintiff could appeal her decisions.

> Procedural due process rights are triggered by deprivation of a
> legally cognizable liberty interest.    For a prisoner, such a
> deprivation occurs when the prison 'imposes atypical and significant
> hardship on the inmate in relation to the ordinary incidents of prison
> life.'    *Sandin v. Conner*, 515 U.S. 472, 484[] (1995).    In
> determining whether a protected liberty interest exists, the court
> must consider: (1) the duration of the disciplinary confinement; and
> (2) whether the conditions of confinement were significantly more
> restrictive than those imposed upon other inmates [under the same
> circumstances].

*Huertas v. Sec'y Pennsylvania Dep't of Corr.*, 533 F. App'x 64, 66 (3d Cir. 2013).   Here,

Plaintiff has not provided any information regarding what punishment he received, if any, from

the disciplinary proceedings before Defendant Russel.   As such, this Court cannot determine

whether the Due Process Clause's procedural protections are even implicated in Plaintiff's case

as it is not clear that any cognizable liberty interests were involved.   While lengthy periods of

administrative segregation, such as those lasting eight years, may implicate a liberty interest,

periods of confinement or segregation totaling up to seven months do not.   *Id.*   As such, this

Court cannot determine that the Due Process Clause applies to Plaintiff's claims based upon the

barebones pleading as to Defendant Russel's actions that Plaintiff has provided.   Even were a

liberty interest implicated in this case, however, Plaintiff would still fail to plead a plausible

claim because he has provided no more than a conclusory allegation that his Due Process rights

were infringed and has pled no facts as to how those rights were actually impugned.   Thus,

Plaintiff's Due Process claims must be dismissed without prejudice at this time as Plaintiff has pled no more than a conclusory violation of his rights, and because Plaintiff has pled no facts which would implicate a protected liberty interest.   *Id.*; *see also Iqbal*, 556 U.S. at 678.

Finally, this Court notes that Plaintiff has pled no facts whatsoever about how Administrator Sweeny has harmed him.   To the extent that Plaintiff wished to plead a supervisory claim against her either for the alleged failure to protect him from attack or the alleged violation of his Due Process rights, Plaintiff may not plead a supervisory claim against her premised solely on her supervisory role as such a claim would be based on an impermissible respondeat superior theory of liability.   *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988) (a "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*").   Thus, Plaintiff's claims against Sweeny must also be dismissed without prejudice at this time.   Finally, because this Court is dismissing all of Plaintiff's claims without prejudice and Plaintiff's complaint will be dismissed without prejudice in its entirety at this time, this Court will also deny Plaintiff's request for pro bono counsel (ECF No. 2) without prejudice as Plaintiff has failed to plead any plausible claims for relief.   *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011).

## III. CONCLUSION

For the reasons stated above, Plaintiff's complaint shall be DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim for which relief may be granted, and

Plaintiff's request for the appointment of pro bono counsel shall be DENIED WITHOUT PREJUDICE.   An Appropriate order follows.


Dated: April 29, 2016                                    __*s/ Susan D. Wigenton*__
                                                         Hon. Susan D. Wigenton,
                                                         United States District Judge